### J. R. WRIGHT V. THE STATE.

No. 3841.　Decided March 15, 1916.

**Aggravated Assault—Statement of Facts—Bills of Exception—Affidavit.**

　　Where, upon appeal from a conviction of aggravated assault, there appeared no bills of exception or statement of facts in the record, and the affidavits filed by the appellant did not show proper diligence why these papers were not filed, which were contested by the trial judge and State's counsel, this court must presume that the action of the court in not approving and filing such papers acted correctly in the premises.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of aggravated assault; penalty, two years confinement in the county jail.

The opinion states the case.

*McCutcheon & Church,* for appellant.—Cited Kuehn v. State, 85 S. W. Rep., 793; Haak v. State, 60 Texas Crim. Rep., 366, 132 S. W. Rep., 358; Shaffer v. State, 58 Texas Crim. Rep., 647, 127 S. W. Rep., 206.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was given two years in the county jail on a plea of guilty, and a waiver of jury, the case being tried by Criminal District Court No. 2 of Dallas County.

There are no bills of exception and no statement of facts in the record. The attorney for appellant files affidavit setting up strong grounds, why he, appellant, should have been awarded a new trial, and why a refusal to do so would authorize a reversal of the judgment. This

affidavit is met by the affidavit of the district judge, the assistant county attorney, the stenographer and clerk of the court, which sharply contravenes the affidavit of counsel for appellant. These contradictions are of such a nature this court would not feel justified in reversing. On appeal this court will presume the correctness of the decision of the trial judge. This is the legal presumption. The party who attacks the ruling of the trial court must show that error was committed. In other words, legal presumption of the correctness on the part of the trial court must be properly and legitimately overcome in order to require a reversal. The affidavit of counsel for appellant is rather lengthy, the substance of which is that at the time this case was called for trial in Criminal District Court No. 2 he was in the prosecution of a felony in Criminal District Court No. 1. The judge of Criminal District Court No. 2 sent for counsel and advised him of the situation. The attorney's statement is to the effect that he asked for a postponement of the case until he could finish the trial in the other court, which was refused by the judge who tried this case, and appellant was required to go to trial. Counsel who makes the affidavit was in partnership with another attorney, who did not appear in the case. The affidavit further shows that he sought to employ Mr. Baskett, another member of the bar, to take his place by tendering him his fee. This was declined by Mr. Baskett, and appellant was then permitted to go with an officer in quest of an attorney to represent him. After being absent for half an hour or more he returned and reported his failure to find an attorney, whereupon he plead guilty. It is shown that testimony was introduced as to the facts under the plea of guilty with the result that the court gave him two years imprisonment in the county jail, and on the last day of the term motion for a new trial was overruled. Facts were introduced on this motion. It seems from the affidavit it took a wide range and covered not only the trial of the motion but the facts of the case as well; at least that seems to be a proper conclusion from the affidavit. Court adjourned so shortly afterwards appellant's counsel did not have time to obtain a statement of the facts either on the trial or on motion for new trial. A stenographer did not take down the testimony on the original trial, but did on the new trial. Mr. McCutcheon further states he was unable to get the statement of facts, and was, therefore, deprived of a hearing in this court on his appeal. It may also be stated an order was entered in the minutes of the court granting him time, for the reason that as the term was at its close the statement of facts could not be gotten up before adjournment, the court stating he would see that appellant lost nothing of his rights by reason of that fact. He asked the stenographer to make out a statement of the facts as quick as possible so as to show no delay. This was on Saturday. On Monday he says he called on the stenographer and found he was absent in attendance upon the Court of Criminal Appeals as a witness in a case pending in that court. Upon his return the stenographer made out a statement of facts, which was never approved by the county attorney, and after a long delay he failed

to get a statement of facts. That he was unable to get a statement of facts on the merits of the case because of want of a stenographer, and he was unable to produce it, and the county attorney who tried the case did not make out one. This is in substance the affidavit of counsel for appellant.

The district judge filed an affidavit stating that he sent for counsel when the case was called for trial, and that his partner, Mr. Church, was in the courtroom at the time. That he informed him of the situation, and counsel withdrew from the case. That Mr. Baskett was in the courtroom and refused to take the case, and Mr. Church, his partner, also refused to have anything to do with it, assigning reasons unnecessary to state, and that he gave appellant time to secure an attorney, but after looking around for a while he failed to obtain the service of counsel and came back and announced he would plead guilty. In this connection it might be stated it is also shown in appellant's counsel's affidavit that appellant had been addicted to absinthe drinking and at the time of the trial was under its influence. The district judge states at the time of the trial appellant appeared to be duly sober and gave no evidence of being under the influence of any whisky or drug and seemed to be normal every way. He states that counsel for appellant drew up the order, at his, the district judge's request, that went into the minutes authorizing the subsequent filing of a statement of facts, stating as the reason the shortness of the term prevented their being filed before it did adjourn. This, of course, was in reference to the evidence introduced on the motion for new trial. The time allowed by him would apply any way to the facts introduced on the merits of the case. The district judge states the statement of facts was not presented to him by counsel, and he knew nothing of it until subsequently. That his attention was called on the street to the fact that the statement of facts had been on the clerk's desk for some time, and he immediately went to the courtroom and read the statement of facts and approved same. That appellant's counsel never did present him any statement of facts. The clerk filed an affidavit, substantially, that some time after the statement of facts was made up by the stenographer that counsel brought the statement of facts to him and left them with him, and they remained there on his desk for some time until the judge signed same, and that counsel did not file the statement of facts but took them away, and they had not been returned to him, and, therefore, had never been filed. The county attorney states he knew nothing about it until one day counsel passed his office door and called his attention to the fact that the statement of facts was on the clerk's desk, or something of that nature, and that the statement of facts was never presented to him otherwise. The stenographer testifies within four or five days after court adjourned he furnished counsel with a statement of the facts, and had received ten of the twelve dollars and fifty cents due for the work. The court at which the conviction occurred adjourned on the 2nd day of October. The transcript was certified by the clerk on the 25th day of October. While we have not gone fully

into detail, for these affidavits are rather voluminous, this is a substantial statement of the merits of the affidavit and counter affidavits.

In this manner the record is presented to us, and we are of opinion that the showing of diligence on the part of appellant is not sufficient. If appellant had been diligent in the matter and failed to get a statement of facts, we would have a different question, but where the issue is placed as these affidavits place it, in view of the general presumption that the action of the court must be shown to be illegal and incorrect when an attack is made upon it, this showing is not sufficient. If appellant had even filed a statement of facts when he did get the approval of the judge, showing an excuse why this was not done earlier, the showing would be more equitable. This was not done, nor was the statement of facts filed in the trial court, nor tendered to this court with a reason why it was not filed in the trial court.

We do not think the showing is of such a nature that requires a reversal of the judgment, and it is, therefore, ordered to be affirmed.

*Affirmed.*

[Rehearing denied March 8, 1916.—Reporter.]